Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>JUAN DÍAZ ROMÁN<br><br>Peticionario | KLCE202401307 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.<br><br>J BD2013G0212<br><br>Sala: 505<br><br>Sobre: ART. 190 / ROBO AGRAVADO |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de febrero de 2025.

Comparece ante nos, mediante recurso de *certiorari* por derecho propio, el señor Juan R. Díaz Román. Solicita la revisión de una *Orden* emitida por el por el Tribunal de Primera Instancia, Sala Superior de Ponce.

El foro primario denegó una moción para la aplicación de circunstancias atenuantes a la sentencia de la parte peticionaria. Resolvemos sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**-I-**

El 15 de noviembre de 2024 el Tribunal de Primera Instancia declaró no ha lugar la moción presentada por la parte peticionaria. Por medio del escrito, el peticionario solicitó al foro de primera instancia atenuar su sentencia conforme al Articulo 67 del Código Penal de Puerto Rico.

Inconforme comparece ante este Tribunal de Apelaciones y solicita la revocación de la referida orden y además una orden al foro primario para la aplicación de atenuantes a la sentencia que extingue en el sistema correccional local.

Examinado el escrito, el contenido del recurso presentado y luego de evaluar el expediente original estamos en posición de resolver.

*-II-*

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra,* pág. 729; *García v. Padró, supra,* pág. 334. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Municipio v. JRO Construction,* 201 DPR 703, 711-712 (2019).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus

                        fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -III-

Surge del expediente original que el 23 de septiembre de 2016 el Tribunal de Primera Instancia consideró el asunto presentado por la parte peticionaria. Según la *Resolución* del 23 de septiembre de 2016:

> La disposición del Artículo 67 del Código Penal sobre atenuantes ya existía al momento en que se dictó sentencia.
>
> No surge de esta petición ningún atenuante nuevo que el Tribunal pueda considerar para así resentenciar, por lo que se declara no ha lugar su petición.

Luego de evaluar el recurso presentado por la parte peticionaria, y los documentos que obran en los autos originales, denegamos expedir el recurso solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Entendemos que, la determinación del Tribunal de Primera Instancia es correcta en Derecho y no adolece de prejuicio, parcialidad o error manifiesto de hecho o derecho que amerite nuestra intervención.

## -*IV*-

Por lo fundamentos antes expuestos, que hacemos formar parte de este dictamen, *denegamos* la expedición del auto extraordinario solicitado por la parte peticionaria.

*Notifíquese* al peticionario de esta *Resolución* en la institución correccional en la que se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones